Hand-Delivered

FILED
CHARLOTTE, NC

NOV 12 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

**SHANTA SWINTON,**
Plaintiff,
v. Civil Action No. 3:25-CV-902-MOC

**UNITED STATES OF AMERICA,**
Defendant.

# COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT

*(28 U.S.C. §§ 1346(b), 2671–2680)*

---

## I. INTRODUCTION

1. This action arises under the **Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680**, to recover for operational negligence, negligent supervision and retention, misrepresentation by omission, and abuse of process by employees of the **U.S. Equal Employment Opportunity Commission (EEOC)** acting within the scope of their employment—specifically Administrative Judge **Brian S. Clarke**, Compliance Officer **Natalie Rochelle,** Supervisory Administrative Judge **Anita Richardson,** and then-OFO Director **Carlton M. Hadden.**
2. Over several years, EEOC officials failed to perform mandatory, non-discretionary duties under **29 C.F.R. Part 1614, EEOC Management Directive 110 (MD-110),** and the **Administrative Procedure Act (APA),** *including timely adjudication, enforcement, and* disclosure of material evidence. These failures caused constructive denial of Plaintiff's rights and compounding harms to housing, family well-being, and health access. See Plaintiff's April 10, 2025 narrative and DOJ cover; EEOC acknowledgment May 22 2025 (received May 7 2025).

## II. JURISDICTION AND VENUE

3. Jurisdiction arises under **28 U.S.C. § 1346(b)(1)** and **5 U.S.C. §§ 701–706** (APA).
4. Venue is proper under **28 U.S.C. § 1402(b)** because Plaintiff resides in Mecklenburg County, NC.

to the **Office of Field Programs (OFP)**.
14B. On Sept 3, 2024, Lewis contradicted herself, claiming OFO—not OFP—had jurisdiction and that OIG would not investigate. These contradictory referrals violated the **Inspector General Act of 1978, 5 U.S.C. App. 3 § 4(a)(1)**, constituting misrepresentation and negligent supervision.

*E. Failure to Provide Complete Make-Whole Relief*

15. In violation of **29 C.F.R. § 1614.501** and **MD-110 Ch. 11 §§ III & VI(C)**, AJ Clarke's April 1 2021 damages order omitted attorney and representative fees, instead assigning Plaintiff personal responsibility to pay her representative—contrary to the directive requiring the EEOC to award reasonable fees when a complainant substantially prevails.
16. Clarke also failed to address Plaintiff's grievance in full, neglected to order removal of the wrongful termination from her personnel record, and omitted any award of **forward pay** though reinstatement was no longer feasible.
17. On or about **Sept 20–28 2021**, Clarke amended his order to deny forward pay on the ground that Plaintiff was no longer a member of the NC Air National Guard, though his own delay caused that status change. This conduct constitutes **abuse of process** and **arbitrary and capricious action** under **5 U.S.C. § 706(2)(A)**.
18. Supervisory AJ Anita Richardson and Director Carlton Hadden were aware of these deficiencies yet failed to correct them, constituting negligent supervision under **MD-110 Ch. 9 § II(B)** and *Doe v. United States*, 838 F.2d 220 (7th Cir. 1988).

*F. Pattern of Delay and Intentional Deprivation of Relief*

19. As detailed in Plaintiff's **Nov 7 2023 Request for Reconsideration**, AJ Clarke knowingly delayed issuance of his decision until after Plaintiff's May 31 2021 retirement despite advance notice of that date, ensuring reinstatement and forward pay could not be ordered.
20. Clarke's amendment failed to address all issues raised in Plaintiff's first appeal—including her grievance, reinstatement, and fee eligibility—in violation of **29 C.F.R. § 1614.110(b)**.
21. Supervisory AJ Richardson and Director Hadden were notified yet failed to act, evidencing negligent supervision and operational negligence.
22. The agency's continuing refusal to enforce the Sept 2021 award, even after NC Joint Force Headquarters refused compliance, violates **29 C.F.R. § 1614.503(a)** and demonstrates systemic program mismanagement under **OMB Circular A-123** and **EEOC Order 560.003 § 4(b)**.

*G. Portal Irregularities and Record Mismanagement*

23. In Feb 2024, the EEOC portal was inaccessible; upon restoration, new documents appeared that had not previously existed in the record. This violated the **Federal Records Act, 44 U.S.C. § 3101 et seq.**, and **EEOC Order 560.003 § 4(b)** requiring accurate record maintenance.

*Count 4 — Abuse of Process / Arbitrary and Capricious Handling*

28. By issuing non-compliant resolutions and dismissing appeals without addressing record evidence, EEOC officials violated **5 U.S.C. §§ 706(1), 706(2)(A)** and the **Fifth Amendment Due Process Clause**. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

*Count 5 — Negligence Under North Carolina Law*

29. Under **N.C. Gen. Stat. § 143-291**, public employees are liable for negligence in failing to follow mandatory procedures. *Bolkhir v. N.C. State Univ.*, 321 N.C. 706 (1988); *Davis v. N.C. Dep't of Human Resources*, 112 N.C. App. 81 (1993).

## VI. SYSTEMIC PROGRAM MISMANAGEMENT

30. EEOC's pattern of delay, contradiction, and record omission constitutes systemic program mismanagement in violation of **OMB Circular A-123** and **EEOC Order 560.003 § 4(b)**. Such failures are operational—not discretionary—and fall within the FTCA waiver of sovereign immunity.

## VII. DAMAGES

31. Plaintiff seeks **$50,000,000 in compensatory damages** (punitive damages are not sought or available under 28 U.S.C. § 2674). This amount reflects **more than eight years of continuous and compounding violations** beginning with Plaintiff's wrongful termination in September 2016 and extending through the EEOC's ongoing failures in 2025. These prolonged acts and omissions caused extensive harm across multiple areas of Plaintiff's life:

   A. **Duration & Pattern:** An eight-year pattern of delay, concealment, and procedural negligence by multiple EEOC officials.
   B. **Housing & Economic Loss:** Persistent housing instability, food insecurity, and financial strain traceable to the agency's refusal to lawfully enforce or conclude Plaintiff's case.
   C. **Health Access & Family Harm:** Emotional distress, therapy costs, and the denial of medical procedures for Plaintiff's dependent son.
   D. **Reputational & Career Damage:** Prolonged non-enforcement has chilled employment prospects and damaged professional credibility.
   E. **Litigation Burden:** Plaintiff has been forced to bear years of additional expense and stress pursuing judicial enforcement of duties that the EEOC was required to perform administratively.

32. Although Plaintiff's original **SF-95** sought a lesser amount, subsequent and continuing harms—including post-filing housing crises, medical denials, and loss of family stability—were **not reasonably discoverable** at the time of the administrative filing.

Under **28 U.S.C. § 2675(b)** and controlling precedent, claimants may recover more than the amount stated in their administrative claim where new or progressive injuries arise after submission. See *Spivey v. United States*, 912 F.2d 80 (4th Cir. 1990) (allowing increased claim for subsequently discovered harm); *Zurba v. United States*, 318 F.3d 736 (7th Cir. 2003); *Low v. United States*, 795 F.2d 466 (5th Cir. 1986).

33. The EEOC's unremedied misconduct constitutes an **ongoing operational tort** rather than a single completed act. Consistent with the **continuing-tort doctrine** recognized in *Page v. United States*, 729 F.2d 818 (D.C. Cir. 1984) and *Hoery v. United States*, 324 F.3d 1220 (10th Cir. 2003), the government's persistent non-enforcement and concealment have caused **continuous injury**, extending the actionable period through 2025. The totality of this eight-year harm period justifies the requested award as full and fair redress for the compounded damages suffered by Plaintiff.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:
A. Enter judgment for Plaintiff and against the United States;
B. Award compensatory damages of **$50,000,000.00**, or such amount as the Court deems just;
C. Award costs and equitable relief restoring Plaintiff to the position she would have occupied but for Defendant's negligence; and
D. Grant such other relief as the Court deems proper.

## IX. BENCH TRIAL

Pursuant to **28 U.S.C. § 2402**, this action shall be tried to the Court without a jury.

Respectfully submitted,

/s/ Shanta Swinton
**Shanta Swinton**
7311 Daerwood Pl.
Charlotte, NC 28215
(980) 361-0991
shanta.swinton@yahoo.com
Date: November 10, 2025

## Notice Regarding Exhibits

Pursuant to **Federal Rule of Civil Procedure 5(d)(3)** and **Local Civil Rule 5.2**, Plaintiff hereby provides notice that the **complete set of exhibits referenced herein** has been filed with the Clerk of Court as part of the official case record.

Copies of all exhibits are available for inspection and download through the Court's CM/ECF electronic filing system. Service of the full exhibit package is therefore deemed satisfied by filing.